IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,902-01






EX PARTE DANIEL RODRIGUEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-9-7508-A IN THE 24TH JUDICIAL DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to felony driving
while intoxicated, enhanced to habitual felony punishment status, and was sentenced to twenty-five
years' imprisonment. He did not appeal his conviction.

 Applicant contends that he received ineffective assistance from two different trial attorneys,
and that it was those attorneys' deficient performance that caused him to plead guilty in exchange
for a twenty-five year sentence. Applicant alleges that his first attorney, Todd Dupont, did not
communicate an offer by the State to waive the enhancements and recommend a twelve-year
sentence in exchange for Applicant's guilty plea. Applicant dismissed Attorney Dupont and retained
Attorney Richard Manske, who represented Applicant when he entered a plea of guilty as a habitual
felon in exchange for a twenty-five year sentence. 

 Applicant alleges that Attorney Manske failed to investigate or review the evidence in this
case. According to Applicant, had Attorney Manske reviewed the evidence, he would have
discovered the twelve-year offer allegedly made by the State and not communicated by Attorney
Dupont. Applicant also alleges that Attorney Manske would have discovered that the videotape of
Applicant's arrest showed that he was not intoxicated, and that one of the prior convictions alleged
as a jurisdictional enhancement was void. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide both of Applicant's trial attorneys with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State made an offer of twelve
years' imprisonment in this case, and if so, as to whether the offer was ever communicated to
Applicant. The trial court shall also make findings as to whether the performance of each of
Applicant's trial attorneys was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 5, 2008

Do not publish